**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2181
_____

CHRISTOPHER H. BLANK,
Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON; ATTORNEY GENERAL NEW
JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-03596)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 22, 2020
_____

Before:  CHAGARES, GREENAWAY, JR., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 30, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Christopher Blank filed a habeas petition claiming that a New Jersey state court violated his rights to a fair trial and due process when it told the jury in his criminal case that the locking mechanism on a firearm in evidence could not be removed during jury deliberations. For the following reasons, we will affirm the District Court's denial of habeas relief.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. On the night of July 12, 2006, two Egg Harbor Township police officers tried to arrest Blank on an open warrant. Blank ran toward a fence when the officers attempted to handcuff him. The two police officers maintain that as they tried lawfully to subdue and handcuff Blank by the fence, Blank removed a gun from one of their holsters and shot both officers. Blank does not contest that he shot the officers with one of their guns, but he denies he took the gun from an officer's holster. According to Blank, he picked the gun up from the ground while the two officers were beating him. Blank claims that he then shot the officers in self-defense because he feared for his life.

The State of New Jersey charged Blank with multiple counts of first-degree attempted murder in a thirteen-count indictment. At Blank's trial in the Superior Court of New Jersey, the State called a firearms expert to testify about and demonstrate how Blank could have removed the gun from the officer's holster. Blank's counsel challenged the expert's testimony and conclusions through cross-examination and other witness testimony. The weapon used in the shooting was then secured with a locking mechanism

2

and provided to the jury for their deliberations, along with the holster and ammunition. During deliberations, the jury submitted a note that effectively asked whether the gun's locking mechanism could be removed. The trial court discussed the jury note with Blank's and the State's counsel. Blank's counsel suggested that the jury submitted the note because it hoped to confirm how easily the unlocked gun could be removed from the holster. But the State's counsel noted that the jury had live ammunition for the gun, and the trial court recalled that the Superior Court's and sheriff's safety protocols required that weapons in evidence be secured with locking mechanisms. After this discussion, the trial court answered the jury's note with the word "No." The jury subsequently found Blank guilty on all relevant counts, and Blank was sentenced to 85 years in prison with an 85 percent period of parole ineligibility.

The Superior Court, Appellate Division affirmed Blank's convictions and sentence on appeal, in which he claimed the trial court's response to the jury request violated his rights, and the Supreme Court of New Jersey denied his petition for certification. See State v. Blank, 2011 WL 1376696, at *5–6 (N.J. Super. Ct. App. Div. Apr. 13, 2011), cert. denied, 27 A.3d 952 (N.J. 2011). Blank then unsuccessfully sought post-conviction relief from the trial court and the Appellate Division. See State v. Blank, 2014 WL 6474347 (N.J. Super. Ct. App. Div. Nov. 20, 2014) (per curiam). The New Jersey Supreme Court again denied a petition for certification. State v. Blank, 112 A.3d 593 (N.J. 2015). Blank subsequently petitioned the District Court for a writ of habeas corpus. The District Court denied the petition, reasoning in relevant part that the state trial court's actions did not violate clearly established law.

3

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. Where, as here, the District Court based its decision on the state court record without holding an evidentiary hearing, we apply a plenary standard of review. Branch v. Sweeney, 758 F.3d 226, 232 (3d Cir. 2014). While our review of the District Court's decision is plenary, we analyze the state court's decision with considerable deference in light of the Antiterrorism and Effective Death Penalty Act of 1996. Palmer v. Hendricks, 592 F.3d 386, 391–92 (3d Cir. 2010).

## III.

Federal habeas relief may be granted if a state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Blank claims that he has met this standard because the state trial court's response to the jury note violated his rights to a fair trial and due process. Since the main factual dispute at trial was what transpired during the altercation in which Blank obtained the police officer's weapon, Blank argues that the trial court's refusal to remove the locking mechanism prevented the jury from competently assessing the credibility of the officers' testimony and Blank's competing self-defense justification.

However, Blank has not identified any clearly established law that substantially supports his arguments. Trial courts have "considerable discretion in the handling of exhibits . . . during jury deliberations," and "weapons are generally not sent to the jury

4

room." United States v. Burrell, 963 F.2d 976, 982, 983 (7th Cir. 1992). The trial court here allowed the jury relatively generous access to exhibits, sending the firearm, holster, and ammunition to the jury room. It is unclear why the jury could not competently assess credibility unless the trial court took the additional step of unlocking the firearm, as the trial record contained substantial evidence bearing on the credibility of the competing testimony by the police officers and Blank. Most notably, the State called an expert witness who demonstrated how the specific firearm used in the shooting could be removed from the specific belt worn by the police officer, and Blank's counsel directly challenged that expert's testimony and conclusions on cross-examination.

Under the circumstances of this case, we see no basis to conclude that the trial court contradicted or unreasonably applied clearly established law by following its safety protocols and declining to remove the firearm's locking mechanism. Accordingly, we conclude that the District Court properly denied habeas relief.

IV.

For the foregoing reasons, we will affirm the Order of the District Court.

5